IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LITL LLC,<br><br>   Plaintiff,<br><br> v.<br><br>DELL TECHNOLOGIES INC. and DELL INC.,<br><br>   Defendant. | Civil Action No. 23-121-RGA |
| MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br><br> v.<br><br>LITL LLC,<br><br>   Intervenor-Defendant. | |

MEMORANDUM ORDER

Before me is Defendants' Motion to Dismiss Plaintiff's Indirect and Willful Infringement Claims in its First Amended Complaint. (D.I. 19). I have considered the parties' briefing. (D.I. 20, 21, 22).

## I. BACKGROUND

In the First Amended Complaint ("FAC"), Plaintiff LiTL alleges Defendants Dell Technologies Inc. ("Dell Technologies") and Dell Inc. ("Dell") infringe one or more claims of U.S. Patent Nos. 8,289,688 ("the '688 patent"); 8,624,844 ("the '844 patent"); 9,563,229 ("the '229 patent"); 10,289,154 ("the '154 patent"); 9,003,315 ("the '315 patent"); 9,880,715 ("the '715 patent"); 10,564,818 ("the '818 patent"); and 8,612,888 ("the '888 patent") (collectively,

"the Asserted Patents."). (D.I. 18 ¶ 2). The Asserted Patents relate to computing devices that can be used in multiple display modes. (*Id.* ¶ 18). Defendants move to dismiss the FAC for failure to state a claim of (1) pre-suit induced infringement under the '688 and '844 patents and (2) willful infringement under the '688 and '844 patents. (D.I. 19; D.I. 20 at 1).

## II.   LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

## III. DISCUSSION

This lawsuit is one in a series of patent infringement actions related to the Asserted Patents, including LiTL's now dismissed lawsuit against Lenovo. *See LiTL LLC v. Lenovo (United States), Inc.*, C.A. No. 20-689-RGA, D.I. 119 (D. Del. Feb. 3, 2023). *Lenovo* involved similar arguments to the ones now raised by Defendants.

### A. Pre-Suit Induced Infringement

In *Lenovo*, I set forth the relevant law. 2022 WL 610739, at *6–10 (D. Del. Jan. 21, 2022). "[T]o prove induced infringement, a plaintiff must prove the following elements: (1) direct infringement, (2) knowing inducement of infringement, and (3) specific intent to encourage another's infringement." *Id.* at 7. "To prove the second element, 'knowing inducement of infringement,' it logically follows that a plaintiff must prove the following sub-elements: (a) knowledge of the patent(s); (b) knowledge of the direct infringement of the patent(s); (c) action(s) taken to induce infringement; (d) knowledge the action(s) would induce the direct infringement; and (e) some causal link between the inducing acts and the direct infringement." *Id.* (citations omitted). "At the pleading stage, a plaintiff must allege facts that would allow a factfinder plausibly to conclude each of these elements and sub-elements is satisfied." *Id.*

Defendants argue that the FAC fails to plausibly allege Defendants had pre-suit knowledge of the '688 and '844 patents or pre-suit knowledge of infringement of those patents. (D.I. 20 at 8–18). For its pre-suit induced infringement claims, LiTL must allege sufficient facts to support an inference that Defendants had both knowledge of the asserted patents and knowledge of infringement prior to the commencement of this suit. Defendants do not challenge LiTL's pleading of the other elements.

1. **Pre-Suit Knowledge of the Patents**

    a. **Prosecution of the Dell Products Patents**

LiTL alleges that Dell Products, L.P. ("Dell Products") is a wholly-owned subsidiary of Dell that holds the majority of Defendants' patents and patent applications. (D.I. 18 ¶¶ 53–54). The FAC alleges facts showing that Dell Products and Dell have overlapping officers and patent attorneys and that Dell and its patent attorneys routinely prosecute Dell Products patent applications, including the applications discussed in the FAC. (*See id.* ¶¶ 55–69; 76–99, 133–54).

Defendants submit that outside counsel, rather than the two in-house Dell attorneys listed on the power of attorney, handled the substantive prosecution of the referenced patent applications. (D.I. 20 at 6, 10). I reject Defendants' implication that they cannot be held accountable for patent prosecution handled by outside counsel. *See id.* It is reasonable to infer that Dell's in-house counsel is aware of actions taken on Dell's behalf by the external law firm that Dell hired. Failure to be so aware would raise questions about willful blindness. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) ("The defendant must subjectively believe that there is a high probability that a fact exists and . . . the defendant must take deliberate actions to avoid learning of that fact."). I therefore find it proper to impute knowledge gained during prosecution of the Dell Products patent applications to Defendants.

    b. **The '688 Patent**

LiTL has alleged sufficient facts to support a plausible inference that Defendants had pre-suit knowledge of the '688 patent.

The '688 patent is cited on the face of four Dell Products patents. (D.I. 18 ¶¶ 77, 82, 87, 91). The published version of the patent application that issued as the '688 patent ("the '832

4

publication") is cited on the face of one Dell Products patent. (*Id.* ¶ 95). Dell Products identified the '688 patent in three Information Disclosure Statements it submitted to the USPTO. (*Id.* ¶¶ 75, 86, 90). The USPTO examiner cited the '688 patent in a rejection of one Dell Products patent application and the '832 publication in a rejection of another. (*Id.* ¶ 81; *id.* ¶ 94).

Dell Inc. has cited to the '688 patent four times and to the '832 publication two times, and LiTL points to 140 citations to the '688 patent and 168 citations to the '832 publication in patents and publications by "major players" in the personal computing industry to show the '688 patent is well-known in the industry. (*Id.* ¶¶ 97–98). These statistics adequately support the conclusion. *See Lenovo*, 2022 WL 610739, at *6–10.

Taken together, these allegations plausibly support an inference that Defendants had pre-suit knowledge of the '688 patent.

### c. The '844 Patent

LiTL has alleged sufficient facts to support a plausible inference that Defendants had pre-suit knowledge of the '844 patent.

The '844 patent is cited on the face of one Dell Products patent. (D.I. 18 ¶ 138). The published version of the patent application that issued as the '844 patent ("the '012 publication") is cited on the face of two Dell Products patents. (*Id.* 18 ¶¶ 144, 151). The USPTO examiner cited the '012 publication in rejections of three different Dell Products patent applications. (*Id.* ¶¶ 134, 135, 143, 149). The file wrapper of one Dell Products patent application indicates the examiner identified the '844 patent in a prior art search. (*Id.* ¶ 137).

Dell Inc. has cited to the '844 patent two times and to the '012 publication two times, and LiTL points to fifty-one citations to the '844 patent and sixty-nine citations to the '012

5

publication by "major players" in the personal computing industry to show the '844 patent is well-known in the industry. (*Id.* ¶¶ 151–52). These statistics adequately support the conclusion.

Taken together, these allegations plausibly support an inference that Defendants had pre-suit knowledge of the '844 patent.

### 2. Pre-Suit Knowledge of Infringement

LiTL has alleged sufficient facts to support a plausible inference that Defendants had pre-suit knowledge of infringement of the '688 and '844 patents.

The FAC alleges that, since at least 2017, Defendants knew that the accused products would infringe at least claim 19 of the '688 patent and claims 10 and 17 of the '844 patent when used by customers and explains how those claims would be infringed. (*Id.* ¶¶ 100–05; *id.* ¶¶ 155–60; *see also id.* ¶¶ 33–44). The FAC states that Defendants provided customers with literature instructing customers how to use the accused products in a manner that infringes the '688 and '844 patents. (*Id.* ¶¶ 100–03, 108; *id.* ¶¶ 155–58, 163). These allegations plausibly support an inference that Defendants had pre-suit knowledge of infringement of the '688 and the '844 patents. *See Novozymes N. Am., Inc. v. Danisco US Inc.*, 2020 WL 12895027, at *3 (D. Del. Feb. 12, 2020); *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2015 WL 5725768, at *4 (D. Del. Sept. 29, 2015), *report and recommendation adopted*, 2016 WL 1274812 (D. Del. Mar. 31, 2016).

Defendants maintain that the FAC "must demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." (D.I. 22 at 9 (citing *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (cleaned up)). Defendants insist LiTL fails this pleading requirement because "LiTL's complaint

6

is devoid of any allegations that [the patent attorneys]—or anyone at Dell—had both pre-suit knowledge of the patents and the knowledge that the patents were being infringed by Dell's customers." (D.I.19 at 17–18; D.I. 22 at 10). Defendants' argument fails for several reasons.

First, Defendants rely on a line of willful infringement cases applying the *Seagate* standard. (*See* D.I. 22 at 9–10 (citing *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 2015 WL 7833206, at *5 (D. Del. Dec. 3, 2015); *Courtesy Prod. L.L.C. v. Hamilton Beach Brands, Inc.*, 2015 WL 6159113, at *4 (D. Del. Oct. 20, 2015); *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 458 (D. Del. 2014); *McRo, Inc. v. Rockstar Games, Inc.*, 2014 WL 1051527, at *7 (D. Del. Mar. 17, 2014); *MONEC*, 897 F. Supp. 2d at 236)). Part of the "link" pleading requirement relies on the second prong of the *Seagate* test. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk [of infringement] . . . was either known or so obvious that it should have been known to the accused infringer."). *Seagate* has since been abrogated. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 104–10 (2016). There is some reason to doubt whether the holdings of this line of cases, which relies on the now defunct *Seagate* test, is still good law.

Second, none of the cases cited by Defendants stand for the proposition that LiTL must identify an individual employee that possesses both pre-suit knowledge of the patents and pre-suit knowledge of infringement of those patents. *St. Clair Intellectual Property Consultants, Inc. v. Hewlett-Packard Co.*, cited in all Defendants' referenced cases, instead supports the opposite conclusion. 2012 WL 1134318, at *3 (D. Del. Mar. 28, 2012) ("Although HP asserts that the Proposed Complaint fails to identify which specific individuals at HP had knowledge of the

7

potential risk of infringement, this is not required at the pleading stage; rather, this may be developed through discovery.").

Third, I would decline to follow a line of district court cases that did require complaints to pinpoint one person at a company that had both types of knowledge.[1] It is unreasonable to require plaintiffs to plead with such a level of specificity given the difficulty in obtaining information, prior to discovery, regarding a defendant company's internal workings. Defendants' proposed rule would make it next to impossible to allege knowledge of infringement based on information gained during patent prosecution.

For all these reasons, I decline to adopt a rule requiring LiTL to demonstrate in its complaint a "link" between knowledge of the patents and knowledge of infringement.

## B. Willful Infringement

"Under *Halo*, the concept of 'willfulness' requires . . . no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo*, 579 U.S. at 105).

Defendants' Motion to Dismiss the willful infringement claims under the '688 patent and the '844 patent relies on their argument that they lacked pre-suit knowledge of the patents and pre-suit knowledge of infringement. (D.I. 20 at 7–18; D.I. 22 at 2–10). LiTL has plausibly alleged that Defendants had pre-suit knowledge of the '688 and '844 patents. LiTL has plausibly

---

[1] I leave for another day the issue of whether a plaintiff raising an induced infringement claim would ever have to prove a single individual had both types of knowledge. If an individual was the defendant, clearly that person would have to have both types. But a corporate defendant might be understood, through agency law, to have the knowledge of all its employees operating in the regular performance of their duties. *See* RESTATEMENT (SECOND) OF AGENCY § 272 (1958) ("[T]he liability of a principal is affected by the knowledge of an agent concerning a matter as to which he acts within his power to bind the principal or upon which it is his duty to give the principal information.").

8

alleged that Defendants had pre-suit knowledge of infringement of the '688 and '844 patents. At the motion to dismiss stage, that is sufficient to support a claim of willful infringement. *See Lenovo*, 2022 WL 610739, at *10.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.

IT IS SO ORDERED.

Entered this 16th day of November, 2023

_____
United States District Judge