**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LITL LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-120-JCG |
| | : | **PUBLIC VERSION OF D.I. 361** |
| HP INC., | : | |
| | : | |
| Defendant. | : | |
| LITL LLC, | : | |
| | : | |
| Plaintiff / Counterclaim Defendant, | : | |
| | : | |
| v. | : | C.A. No. 23-121-JCG |
| | : | **PUBLIC VERSION OF D.I. 328** |
| DELL TECHNOLOGIES INC. and DELL INC., | : | |
| | : | |
| Defendant / Counterclaim Plaintiff. | : | |
| LITL LLC, | : | |
| | : | |
| Plaintiff / Counterclaim Defendant, | : | |
| | : | |
| v. | : | C.A. No. 23-122-JCG |
| | : | **PUBLIC VERSION OF D.I. 335** |
| ASUSTEK COMPUTER INC. and ASUS GLOBAL PTE. LTD., | : | |
| | : | |
| Defendant / Counterclaim Plaintiff. | : | |

**DEFENDANTS' OPENING BRIEF IN RESPONSE TO
THE COURT'S JULY 14, 2026 ORDER**

## TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ................................................................................................ 1

II.     DEFENDANTS' RESPONSES TO THE COURT'S QUESTIONS ................................. 3

        A.      Question (1): The Agreement Provides a Retroactive Release from
                Infringing Conduct by Licensee's Customers that Predates the Agreement. ......... 3

        B.      Question (2): The Issue of the Agreement Providing a Retroactive Release
                to Licensee's Customers Is a Question of Law........................................................ 6

        C.      Question (3): Further Discovery Is Not Needed on this Issue. .............................. 7

        D.      Question (4): The Impact of this Issue on the Claims of Infringement and
                Damages Is Fully Dispositive of this Case. ............................................................ 7

III.    PROCEDURAL MATTERS ...................................................................................... 8

        A.      LiTL Cannot Meet the Standard for Reargument Under Local Rule 7.1.5. ........... 8

        B.      LiTL Waived Its "Retroactivity" Argument By Raising It Only in a
                Footnote. .............................................................................................................. 10

IV.     CONCLUSION.................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*10x Genomics, Inc. v. NanoString Techs., Inc.*,
690 F. Supp. 3d 449 (D. Del. 2023) (J. Kennelly) ....................................................11

*Allergan, Inc. v. Revance Therapeutics, Inc.*,
C.A. No. 21-1411-RGA, 2025 WL 1906171 (D. Del. July 10, 2025) ....................................10

*Bausch & Lomb Inc. v. SBH Holdings LLC*,
C.A. No. 20-1463-GBW, 2025 WL 1005762 (D. Del. Apr. 3, 2025) ......................................8

*Brown v. Johnson*,
116 F. App'x 342 (3d Cir. 2004) ...........................................................11

*Cornell Univ. v. Hewlett-Packard Co.*,
609 F. Supp. 2d 279 (N.D.N.Y. 2009) (Rader, J.) .....................................7

*D.D. Tech. Inc. v. O'Connor*,
No. 88129-9-I, 2026 WL 1949054 (Wash. Ct. App. July 6, 2026) ..........................................7

*Matter of Est. of Sullivan*,
6 Wash. App. 2d 1023 (2018) ...................................................................6

*Evergreen State Builders, LLC v. Southridge Silver Creek, LLC*,
144 Wash. App. 1003 (2008) ..................................................................6

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
879 F.3d 1299 (Fed. Cir. 2018) .............................................................8

*Game Play Network, Inc. v. Potent Sys., Inc.*,
C.A. No. 23-323-GBW, 2025 WL 26737 (D. Del. Jan. 3, 2025) ............................................9

*Grp. One Ltd. v. GTE GmbH*,
No. 2024-1273, 2025 WL 2414639 (Fed. Cir. Aug. 21, 2025) ................................................8

*Hearst Commc'ns, Inc. v. Seattle Times Co.*,
115 P.3d 262 (Wash. 2005) ...............................................................6, 7

*Jacobs v. Nintendo*,
370 F.3d 1097 (Fed. Cir. 2004) .................................................... *passim*

*Jacobs v. Nintendo of Am., Inc.*,
No. 6:01-CV-1379, 2003 WL 25738602 (M.D. Fla. Jan. 31, 2003), *aff'd*, 370
F.3d 1097 (Fed. Cir. 2004) ...................................................................5

*Kaneka Corp. v. Designs for Health, Inc.*,
C.A. No. 21-209-WCB, 2023 WL 12134510 (D. Del. Mar. 3, 2023)
(J. Bryson)................................................................................................................................10

*Lazaridis v. Wehmer*,
591 F.3d 666 (3d Cir. 2010)......................................................................................................9

*Mayer v. Pierce Cnty. Med. Bureau*,
909 P.2d 1323, 1326 (Wash. Ct. App. 1995)............................................................................6

*Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*,
803 F.2d 684 (Fed. Cir. 1986)...................................................................................................7

*MirTech, Inc. v. AgroFresh, Inc.*,
C.A. No. 20-1170-RGA, 2025 WL 2197398 (D. Del. Aug. 1, 2025).......................................9

*PACT XPP Schweiz AG v. Intel Corp.*,
C.A. No. 19-1006-JDW, 2023 WL 3934058 (D. Del. June 9, 2023) ......................................10

*Plant Genetic Sys., N.V. v. DeKalb Genetics Corp.*,
315 F.3d 1335 (Fed. Cir. 2003).................................................................................................9

*Purewick Corp. v. Sage Prods., LLC*,
666 F. Supp. 3d 419 (D. Del. 2023) (J. Noreika)....................................................................10

*Robocast, Inc. v. Apple Inc.*,
C.A. No. 11-235-RGA, 2014 WL 2622233 (D. Del. June 11, 2014) ...............................10, 11

*Samsung Elecs. Co. v. Netlist, Inc.*,
C.A. No. 21-1453-RGA, 2022 WL 3027312 (D. Del. Aug. 1, 2022) (J.
Andrews)..................................................................................................................................10

*In re Seroquel XR*,
No. 20-1076-CFC, 2023 WL 12134508 (D. Del. July 17, 2023) (J. Connolly) ..................9, 10

*Stokes v. O'Connor*,
C.A. No. 93-16, 1994 WL 829066 (D. Del. June 30, 1994) (J. Robinson) ...........................10

*Truinject Corp. v. Galderma S.A.*,
C.A. No. 19-592-GBW, 2024 WL 4333115 (D. Del. Sept. 13, 2024) .....................................9

*Wang Labs, Inc. v. Oki Elec. Indus. Co.*,
15 F. Supp. 2d 166 (D. Mass. 1998) .........................................................................................9

**Other Authorities**

Intell. Prop. L. Bus. Law. § 14:13 (2025 ed.) ..............................................................................4

D. Del. LR 7.1.5...................................................................................................................2, 8, 9

iii

## I.    INTRODUCTION

The Court's June 30, 2026 Opinion & Order correctly granted case-dispositive summary judgment of noninfringement, holding that Defendants enjoy an implied license derived from the express license between LiTL and Microsoft. The Court's ruling resolves both prospective <u>and</u> retroactive liability because the Agreement contains both a prospective provision, the Section 4.1(a) license, and a retroactive provision, the Section 3.1(a) release, which the Agreement links together such that they have the same legal impact. Implying to Defendants the rights Microsoft received from LiTL, as the Opinion & Order correctly does, erases Defendants' alleged liability completely.

In its July 14, 2026 Order, the Court asked four questions, which Defendants answer here and more fully below.

<u>Question (1)</u>: "whether the License Agreement provides a retroactive release from infringing conduct by Licensee's customers that predates the License Agreement." <u>Answer</u>: Yes. As demonstrated in Defendants' summary judgment briefing and argument, the Agreement provides a retroactive release in Section 3.1(a) for "activity occurring before the Effective Date," which covers "any act, event or thing occurring before the Effective Date which, <u>had it occurred on or after the Effective Date, would be licensed or subject to a covenant under Section 4 below</u>" (emphasis added). Thus, the Agreement expressly ties together the license in Section 4.1(a) and the release in Section 3.1(a), providing retroactive protection to Microsoft and, by implication, its downstream customers from "activity occurring before the Effective Date" of the Agreement. The Court's Opinion & Order therefore correctly granted case-dispositive summary judgment.

<u>Question (2)</u>: "whether the issue of the License Agreement providing a retroactive release to Licensee's customers is a question of law or fact." <u>Answer</u>: It is a question of law. Under the governing law of Washington, contract interpretation is a question of law. The existence and scope

of an implied license also is a question of law. The Court's Opinion & Order correctly resolved those questions of law in Defendants' favor.

Question (3): "the Parties' positions on whether further discovery is needed on this issue." Answer: No further discovery is needed on this issue, for two interrelated reasons. First, the interpretation of the Agreement and the question of implied license are questions of law, so the Court only looks to the four corners of the Agreement to address those questions. Second, the Agreement is integrated (*see* Section 6.18), meaning the Court should not look to extrinsic or parol evidence to interpret the Agreement and decide the legal question of implied license.

Question (4): "the impact of this issue on the claims of infringement and damages." Answer: Implied license completely disposes of LiTL's infringement and damages claims, both prospectively and retroactively. Said differently, under the doctrine of implied license, Defendants enjoy the same rights to practice LiTL's patents as Microsoft does. This conclusion is supported by *Jacobs v. Nintendo*, where the Federal Circuit affirmed case-dispositive summary judgment of noninfringement based on an implied license between Jacobs and Nintendo, even though Jacobs had argued that any implied license could not cover the period before the agreement came into being. Here, LiTL concedes that the Agreement completely resolved Microsoft's liability, because LiTL dismissed its claims against Microsoft with prejudice. The same result applies to Defendants—the Agreement disposes of LiTL's claims against Defendants in their entirety.

In Section III of this brief, Defendants also raise two procedural issues that bear upon the Court's consideration of these questions. First, LiTL's request for "additional briefing" after summary judgment is a motion for reargument under Local Rule 7.1.5, and LiTL cannot meet the high standard for such a motion. Second, as Defendants argued in their underlying briefing, LiTL waived the "retroactivity" argument that it continues to press by raising it only in a footnote.

2

## II.    DEFENDANTS' RESPONSES TO THE COURT'S QUESTIONS

The Court should reaffirm its Opinion & Order granting summary judgment of noninfringement and reject LiTL's request to have a trial on allegedly infringing activities predating the Microsoft Agreement. Under binding Federal Circuit precedent, the doctrine of implied license covers retroactive activity by Microsoft and its customers, including Defendants.

### A.    <u>Question (1)</u>: The Agreement Provides a Retroactive Release from Infringing Conduct by Licensee's Customers that Predates the Agreement.

In response to Question (1), the Agreement impliedly provides a retroactive release from infringing conduct by Microsoft's customers that predates the Agreement. Section 3.1(a) grants a broad release to Microsoft "[f]or activity occurring before the Effective Date," covering "any and all rights, claims, debts, liabilities, demands, obligations, promises, damages, sanctions, attorney's fees, court costs, causes of action and claims for relief of any kind, manner, nature and description, whether known, unknown, suspected, or unsuspected related to the asserted patents." D.I. 339 ¶ 11 (citing Ex. 1 at Section 3.1(a)).[1] The Agreement also contains a second release directed to Microsoft's customers in Section 3.1(b) that is similar to the express license granted to Microsoft's customers in Section 4.1(b). D.I. 339 ¶ 12. The Section 3.1(b) release is relevant to Defendants' express license arguments (D.I. 298 at 9-21), while the Section 3.1(a) release is relevant to Defendants' implied license arguments (*id*. at 5-9) ("[T]he express license granted directly to Defendants … is irrelevant to determining the scope of the implied license derived from Microsoft's express license…."). In other words, to determine the existence and scope of the implied rights flowing to Defendants, the Court properly is concerned with the rights granted to Microsoft in Sections 3.1(a) and 4.1(a).

---

[1] Unless otherwise noted, citations to the docket are from the first-filed action, C.A. No. 23-120.

Critically, the Agreement equates the scope of the release in Section 3.1(a) with that of the license in Section 4.1(a) by providing that the retroactive release covers "any act, event or thing occurring before the Effective Date which, <u>had it occurred on or after the Effective Date, would be licensed or subject to a covenant under Section 4 below</u>." D.I. 339 ¶ 11 (emphasis added). The Agreement therefore ties together the Section 3.1(a) release and the Section 4.1(a) license, which the Court correctly held "granted Licensee's customers an implied license to sell, use, practice, or exploit the Licensed Patents through any Licensee Products." D.I. 356 at 14. Thus, the implied license doctrine applies equally to the Section 4.1(a) license and the Section 3.1(a) release to insulate Defendants from prospective <u>and</u> retroactive liability. *See* D.I. 298 at 5-9.

Controlling Federal Circuit authority is in accord. *See Jacobs v. Nintendo*, 370 F.3d 1097 (Fed. Cir. 2004). In *Jacobs*, the defendant Nintendo manufactured and sold tilt-sensitive video game controllers using accelerometers purchased from third-party Analog, which had an express license with the plaintiff Jacobs. *Id*. at 1098-99. The Federal Circuit affirmed summary judgment of noninfringement for the customer defendants based on an implied license derived from the express license between Analog and Jacobs, and the Federal Circuit did <u>not</u> carve out allegedly infringing activity that predated the Jacobs-Analog agreement. *Id*. at 1101.

In reaching its conclusion, the Federal Circuit found two provisions of the agreement to be "critical": the license in paragraph 3 and the covenant-not-to-sue in paragraph 5, which "extends to any cause of action having as an element the infringement of the '958 patent by Analog or any other party, whether occurring in the <u>past, present, or in the future</u>." *Id*. at 1098-99 (emphasis added). By releasing claims to past activity, the covenant-not-to-sue in the Jacobs-Analog agreement acted like a release. *See* Intell. Prop. L. Bus. Law. § 14:13 (2025 ed.) (release covers

4

past infringement). As the Federal Circuit explained, the license and covenant-not-to-sue together gave Analog and its customers total patent peace:

> The agreement between Jacobs and Analog granted Analog two important rights: (1) the right not to be sued for infringement of the '958 patent; and (2) the right to "sell … micromachined accelerometers for use in tilt-sensitive control boxes." The first right (granted by paragraph 5 of the agreement) provided "peace" by assuring Analog that it would not face any further claims of infringement of the '958 patent based on any of its <u>past or future</u> conduct…. The second right (granted by paragraph 3 of the agreement) provided "prosperity" by giving Analog a right to sell its accelerometers for a particular use.

*Jacobs*, 370 F.3d at 1099 (first ellipse in original, underlining added). The Federal Circuit ruled that Jacobs was barred from suing the customer (Nintendo) for <u>any</u> infringement based on Nintendo's sale of products using Analog's licensed accelerometers. *Id*. at 1101-02.

To be clear, Jacobs' infringement claims against the customer (Nintendo) included pre-agreement activity. As the district court found, "[a]t the time of the License, Analog did not manufacture game controllers itself but rather sold micromachined accelerometer components to customers, such as [Nintendo], who incorporated the components into controller devices." *Jacobs v. Nintendo of Am., Inc*., No. 6:01-CV-1379, 2003 WL 25738602, at *1 (M.D. Fla. Jan. 31, 2003), *aff'd*, 370 F.3d 1097 (Fed. Cir. 2004). Given this fact, the parties argued to the Federal Circuit the same "retroactivity" argument that LiTL now raises. In his appellate brief, Jacobs argued that "even if Nintendo is somehow afforded protection under the Jacobs/Analog Agreement, <u>this cannot stretch back to the period before such Agreement came into being</u>. Therefore … Summary Judgment in favor of Nintendo should be reversed in light of infringement that transpired <u>prior to the execution of the Jacobs/Analog Agreement</u>." *Brief of Appellant Jacobs*, 2003 WL 24305350, at *54-55 (June 18, 2003) (emphasis added). In its responsive brief, Nintendo argued that "to the extent that Jacobs had any infringement claim with respect to Nintendo's activities before the

5

Jacobs-Analog Agreement was executed, this [covenant-not-to-sue] language makes clear that such activities are immune from suit"—meaning pre-agreement activities. *Brief of Appellee Nintendo of Am. Inc.*, 2003 WL 24305351, at *9 (Aug. 29, 2003) (emphasis added). The Federal Circuit agreed that both past and future activities were immune from suit and therefore affirmed case-dispositive summary judgment in favor of the customer, Nintendo.

Here, just as in *Jacobs*, Microsoft obtained the "two important rights" to LiTL's patents that insulated Microsoft from both past liability (Section 3.1(a)) and future liability (Section 4.1(a))—rights that, like in *Jacobs*, also insulate Microsoft's customers from past and future liability through the doctrine of implied license. The Court therefore was correct in relying upon *Jacobs* to grant case-dispositive summary judgment of noninfringement to Defendants with no carveout for pre-Agreement activity. D.I. 356 at 12-14.

### B.    Question (2): The Issue of the Agreement Providing a Retroactive Release to Licensee's Customers Is a Question of Law.

In response to Question (2), the issue of whether the Agreement provides a retroactive release to Microsoft's customers is a question of law. *See* D.I. 298 at 5. The Agreement is governed by Washington law, which provides that contract interpretation is a question of law for the Court to decide. *See Evergreen State Builders, LLC v. Southridge Silver Creek, LLC*, 144 Wash. App. 1003 (2008) ("Interpretation of an unambiguous contract is a question of law. 'If a contract is unambiguous, summary judgment is proper even if the parties dispute the legal effect of a certain provision.'") (quoting *Mayer v. Pierce Cnty. Med. Bureau*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1995)); *Matter of Est. of Sullivan*, 6 Wash. App. 2d 1023 (2018) ("The interpretation of an unambiguous contract is a question of law and may be resolved by summary judgment."); *see also Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005).

Furthermore, "[t]he existence of an implied license[] is a question of law." *Met-Coil Sys. Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687 (Fed. Cir. 1986); *see also Cornell Univ. v. Hewlett-Packard Co.*, 609 F. Supp. 2d 279, 290 (N.D.N.Y. 2009) (Rader, J.) (same). Thus, the interrelated questions of (1) the proper interpretation of Sections 3.1(a) and 4.1(a), including the language equating the two and (2) the existence of an implied license arising from Sections 3.1(a) and 4.1(a) are both questions of law for the Court to resolve, not questions of fact.

### C.      Question (3): Further Discovery Is Not Needed on this Issue.

In response to Question (3), further discovery is not needed on the issue of retroactivity. The Court's Opinion & Order correctly interprets the Agreement as a matter of law. Importantly, the Agreement is unambiguous in tying the Section 3.1(a) release to Section 4.1(a) license by providing that the release covers "any act, event or thing occurring before the Effective Date which, had it occurred on or after the Effective Date, would be licensed or subject to a covenant under Section 4 below." D.I. 339 ¶ 11 (emphasis added). Furthermore, the Agreement is integrated: Section 6.18 provides that the Agreement "constitutes the complete agreement between the parties and supersedes all previous or contemporaneous agreements, understandings, or representations." *Id*. at ¶ 16. Under Washington law, where there is an integration clause, courts may not use extrinsic evidence to "vary, contradict, or modify the written word." *D.D. Tech. Inc. v. O'Connor*, No. 88129-9-I, 2026 WL 1949054, at *3 (Wash. Ct. App. July 6, 2026) (quoting *Hearst* , 115 P.3d at 267). Thus, under settled law, the Court should not consider extrinsic or parol evidence, so discovery is both unnecessary and inappropriate. *See also* Tr. at 80:6-81:21.

### D.      Question (4): The Impact of this Issue on the Claims of Infringement and Damages Is Fully Dispositive of this Case.

In response to Question (4), the Opinion & Order correctly disposed of LiTL's claims of infringement and damages completely, both retroactive and prospective, just as the district court

7

and Federal Circuit did in *Jacobs v. Nintendo*, 370 F.3d at 1102. As Defendants' opening brief requested, "[t]he Court should enter case-dispositive summary judgment in Defendants' favor on all six asserted patents based on the implied license arising from the Agreement." D.I. at 298 at 1; *see also* D.I. 328 at 1 ("LiTL's opposition confirms the Court should enter case dispositive summary judgment in Defendants' favor."). The fact that the Court denied the parties' remaining motions for summary judgment and motions to exclude expert testimony "as moot" (D.I. 356 at 16) confirms that the Court's ruling on implied license is case-dispositive, because the parties could not proceed to trial without rulings on the parties' remaining motions.

If the Court affirms its holding that "Defendants are entitled to summary judgment of noninfringement of the Asserted Patents as a matter of law" (D.I. 356 at 16), there are no remaining issues for trial, because "patent damages cannot be awarded for non-infringing activity." *Grp. One Ltd. v. GTE GmbH*, No. 2024-1273, 2025 WL 2414639, at *3 (Fed. Cir. Aug. 21, 2025); *see also Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1302 (Fed. Cir. 2018) (vacating damages award because "there was no infringement"). Thus, the only remaining step is to enter final judgment in the form submitted by Defendants on July 7, 2026. *See* C.A. No. 23-120, D.I. 357; C.A. No. 23-121, D.I. 324; C.A. No. 23-122, D.I. 332.

## III.    PROCEDURAL MATTERS

As indicated above, Defendants respectfully raise two procedural issues that bear upon the Court's consideration of these questions.

### A.    LiTL Cannot Meet the Standard for Reargument Under Local Rule 7.1.5.

Because the Court granted summary judgment (D.I. 356 at 16), the only "appropriate vehicle to seek review" of that ruling is a motion for reargument or reconsideration under Delaware Local Rule 7.1.5. *Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-GBW, 2025 WL 1005762, at *2 (D. Del. Apr. 3, 2025). As Judge Williams has held: "[Plaintiff's] suggestion, post-

8

summary judgment, that it could prove damages from some other theory to avoid the Court's opinion thus constitutes an improper motion for reconsideration." *Truinject Corp. v. Galderma S.A.*, C.A. No. 19-592-GBW, 2024 WL 4333115, at \*7 (D. Del. Sept. 13, 2024). Similarly here, LiTL's request for further briefing, post-summary judgment, is an improper motion for reargument. LiTL raised its incorrect "retroactivity" argument in a footnote of its opposition. D.I. 318 at 8 n.6 (citing *Wang Labs, Inc. v. Oki Elec. Indus. Co.*, 15 F. Supp. 2d 166, 172 (D. Mass. 1998), an out-of-District decision that has nothing to do with implied license or retroactivity). In their reply brief, Defendants responded that LiTL waived that argument by raising it only in a footnote. D.I. 328 at 4 n.2. At oral argument, the Court asked HP about "whether the license is prospective or retrospective," and LiTL did not respond. Tr. at 79:3-81:21, 92:6-97:25. Thus, LiTL was fully heard on its incorrect argument, and the Court is presumed to have considered every argument raised by the parties "unless [it] explicitly expresses otherwise." *Plant Genetic Sys., N.V. v. DeKalb Genetics Corp.*, 315 F.3d 1335, 1343 (Fed. Cir. 2003).

Thus, LiTL cannot meet the "heavy burden" for a motion for reargument. *Game Play Network, Inc. v. Potent Sys., Inc.*, C.A. No. 23-323-GBW, 2025 WL 26737, at \*2 (D. Del. Jan. 3, 2025) (reconsideration reserved for "extraordinary circumstances"); D. Del. LR 7.1.5(a) (motions for reargument "shall be sparingly granted."). A motion for reargument "must rely on one of three grounds: (1) a change in controlling law; (2) new evidence; or (3) the need to correct clear error or to prevent manifest injustice." *MirTech, Inc. v. AgroFresh, Inc.*, C.A. No. 20-1170-RGA, 2025 WL 2197398, at \*3 (D. Del. Aug. 1, 2025) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). "Motions for reargument or reconsideration should not be granted if the proponent simply rehashes materials and theories already briefed, argued and decided." *In re Seroquel XR*, No. 20-1076-CFC, 2023 WL 12134508, at \*1 (D. Del. July 17, 2023). LiTL's request for

additional briefing seeks to expand upon an argument that the parties briefed and argued, and the Court correctly decided, so the Court should deny LiTL's improper motion for reargument. *Allergan, Inc. v. Revance Therapeutics, Inc.*, C.A. No. 21-1411-RGA, 2025 WL 1906171, at *1-2 (D. Del. July 10, 2025) (denying motion for reconsideration because the defendant's argument that the agreement covered all asserted patents "should have prompted [the plaintiff] to raise any arguments it had to the contrary"); *PACT XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-1006-JDW, 2023 WL 3934058, at *3 (D. Del. June 9, 2023) ("PACT made its bed with the arguments it made at summary judgment and the way that it presented its evidence. It wasn't my job to ferret out every argument that PACT might have made.").

### B.     LiTL Waived Its "Retroactivity" Argument By Raising It Only in a Footnote.

Separately, LiTL waived its "retroactivity" argument by raising it only in a footnote, so the Court was not required to address that argument in its Opinion & Order. Delaware follows the rule that arguments raised in footnotes are waived. *See* D.I. 328 at 4 n.2; *Stokes v. O'Connor*, C.A. No. 93-16, 1994 WL 829066, at *8 (D. Del. June 30, 1994) (J. Robinson) (argument "relegated to a footnote" was not "developed sufficiently to warrant a grant of summary judgment"); *Kaneka Corp. v. Designs for Health, Inc.*, C.A. No. 21-209-WCB, 2023 WL 12134510, at *18 n.7 (D. Del. Mar. 3, 2023) (J. Bryson) ("arguments raised solely in footnotes are waived"); *Purewick Corp. v. Sage Prods., LLC*, 666 F. Supp. 3d 419, 441 n.14 (D. Del. 2023) (J. Noreika) (same); *Samsung Elecs. Co. v. Netlist, Inc.*, C.A. No. 21-1453-RGA, 2022 WL 3027312, at *5 (D. Del. Aug. 1, 2022) (J. Andrews) (same); *In re Seroquel XR*, 2022 WL 2438934, at *14 (J. Connolly) (same).

*Robocast, Inc. v. Apple Inc.*, C.A. No. 11-235-RGA, 2014 WL 2622233, at *1 (D. Del. June 11, 2014) is instructive. There, Judge Andrews granted summary judgment of no infringement because the accused product "does not contain a timing parameter." *Id.* In a motion for reconsideration, the plaintiff argued the Court overlooked its argument disputing whether the

10

accused product contained a timing parameter. Judge Andrews denied the motion for reconsideration because the "entirety of the argument" was "buried in a footnote," and "raising an argument in a footnote was not sufficient to meet that party's summary judgment burden." *Id*. Similarly, in *10x Genomics, Inc. v. NanoString Techs., Inc.*, 690 F. Supp. 3d 449 (D. Del. 2023) (J. Kennelly), the plaintiff moved for summary judgment of no indefiniteness. *Id*. at 456-57. The court held that the defendant's response "only in a footnote" amounted to forfeiture, explaining that "a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Id*. at 457 (quoting *Brown v. Johnson*, 116 F. App'x 342, 346 (3d Cir. 2004)).

Following uniform precedent in this District, LiTL waived its argument buried in a footnote that the implied license would not operate retroactively. And, as demonstrated above (*see* Section II.A), that argument also is wrong on the merits.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reaffirm its Opinion & Order granting case-dispositive summary judgment in Defendants' favor, deny LiTL's disguised motion for reargument, and enter final judgment in Defendants' favor in substantially the form submitted by Defendants on July 7, 2026. *See* C.A. No. 23-120, D.I. 357; C.A. No. 23-121, D.I. 324; C.A. No. 23-122, D.I. 332.

Original Filing Date: July 28, 2026
Redacted Filing Date: August 4, 2026

/s/ Angela C. Whitesell
Angela C. Whitesell (DE Bar No. 5547)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
angela.whitesell@us.dlapiper.com

/s/ Jeremy A. Tigan
Jeremy A. Tigan (#5239)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

11

Sean Cunningham (admitted *Pro Hac Vice)*
Erin Gibson (admitted *Pro Hac Vice)*
**DLA PIPER LLP (US**)
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
sean.cunningham@us.dlapiper.com
erin.gibson@us.dlapiper.com

James M. Heintz (admitted *Pro Hac Vice)*
**DLA PIPER LLP US)**
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, VA 20190-5602
Telephone: (703) 773-4000
jim.heintz@us.dlapiper.com

Jackob Ben-Ezra (admitted *Pro Hac Vice)*
**DLA PIPER LLP (US)**
845 Texas Avenue, Suite 3800,
Houston, TX 77002
Telephone: (713) 425-8431
jackob.ben-ezra@us.dlapiper.com

Claire Schuster (admitted *Pro Hac Vice)*
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
claire.schuster@us.dlapiper.com

*Attorneys for Defendant HP Inc.*

**OF COUNSEL:**

Eugene Y. Mar
Erik C. Olson
Victoria Constance Huang
Raven Quesenberry
**FARELLA BRAUN + MARTEL LLP** One
Bush Street, Suite 900
San Francisco, CA 94104
(415) 954-4400
*Attorneys for Defendants Dell Technologies
Inc. and Dell Inc.*

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623) **POLSINELLI
PC**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com

**OF COUNSEL:**

Michael J. Newton
Brady Cox
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
(214) 922-3400
mike.newton@alston.com
brady.cox@alston.com

Yuri Mikulka
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
yuri.mikulka@alston.com

*Attorneys for Defendants ASUSTeK Computer
Inc. and Asus Global Pte. Ltd.*

12

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 4 2026, upon the following in the manner indicated:

Adam W. Poff, Esquire                                               *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff LiTL LLC*

Michael A. Albert, Esquire                                          *VIA ELECTRONIC MAIL*
Eric J. Rutt, Esquire
Gerald B. Hrycyszyn, Esquire
Hunter D. Keeton, Esquire
Suresh S. Rav, Esquire
Jason W. Balich, Esquire
Jie Xiang, Esquire
Kevin Y. Li, Esquire
Karen E. Grover, Esquire
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
*Attorneys for Plaintiff LiTL LLC*

Mark J. Consilvio, Esquire                                          *VIA ELECTRONIC MAIL*
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Avenue NW
Washington, DC  20001
*Attorneys for Plaintiff LiTL LLC*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)